UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JONATAN ROSAS SANCHEZ,

        Petitioner,

v.                         **TEMPORARY RESTRAINING ORDER**
                           Civil File No. 21-1849 (MJD/BRT)

ERIKA SANCHEZ PLIEGO,

        Respondent.

Nancy Zalusky Berg and Ruta Johnsen, Nancy Zalusky Berg, LLC, Counsel for Petitioner.

No appearance by Respondent.

## I.    INTRODUCTION

This matter is before the Court on the extension of the Court's August 23, 2021 Temporary Restraining Order. [Docket No. 9]

## II.    BACKGROUND

On August 18, 2021, Petitioner Jonatan Rosas Sanchez ("Father") filed a verified Petition against Respondent Erika Sanchez Pliego ("Mother") alleging that, in February 2020, Mother wrongfully removed their minor children, EJRS, born 2011 in Mexico, and KJRS, born 2013 in Mexico, from the children's habitual

1

residence in Mexico to the United States in violation of Father's custody rights. He alleges that Mother and the children are currently residing in the District of Minnesota.  Father alleges that the children are citizens of Mexico and seeks their return to Mexico under the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 ("the Convention").

Father provides the following evidence that Mother and the children were located in the District of Minnesota at the time he filed the current Petition:  Soon after Mother absconded with the children in February or March 2020, Mother's mother told Father that Mother and the children had traveled to the United States, been detained, and then had been released to the home of Mother's sister in Minnesota.  (Pet. ¶¶ 21-24.)  The address Mother's mother gave was false, because Father's uncle traveled to Minneapolis to investigate but no one seemed to live at the address and the mail in the mailbox was addressed to a person who was not Mother or Mother's sister.  (Pet. ¶ 24.)  Father talked to Mother's sister by telephone, and Mother's sister stated that Mother and the children were with her, but she would not allow Father to speak to them.  (Id. ¶ 23.)  At Father's request, in the fall of 2020, the Mexican federal police opened a criminal investigation into the children's disappearance.  (Pet. ¶¶ 31-34.)  Mother's father

told the federal police agent that, as of April 2020, Mother and the children lived in Minneapolis, Minnesota.  (Id. ¶ 33.)  Mother's parents put the agent in contact with Mother's sister in Minneapolis, who sent the agent a photograph of the children and told him they were healthy.  (Id. ¶ 34; Pet., Ex. 12.)

On August 23, 2021, the Court granted the Ex Parte Motion for Accelerated Hearing and Request for Temporary Restraining Order.  [Docket No. 9]  By its terms, the Court's Order expires on September 6, 2021 at 1:52 p.m.  The Temporary Restraining Order ordered that

1. Respondent Erika Sanchez Pliego shall immediately surrender all of EJRS's and KJRS's valid and expired passports to the process server personally serving Respondent with this Order.

2. The process server shall immediately return all passports collected to the District of Minnesota Clerk of Court for collection and safekeeping.

3. Respondent is prohibited from removing or facilitating the removal of the children, EJRS and KJRS,  from the jurisdiction of this Court.

4. Respondent shall appear with EJRS and KJRS before this Court on September 3, 2021, at 11:00 a.m. in Courtroom 13E of the United States District Court for the District of Minnesota, located at 300 South Fourth Street, Minneapolis, Minnesota 55415.  The initial appearance shall be considered an initial Show Cause Hearing and scheduling hearing, so that the

> Respondent can confirm to the Court that the minor children are physically located within the jurisdiction of this Court, and so that a date may be set for an expedited evidentiary hearing on the merits of the Petition for Return.
>
> 5. If the Respondent either fails to appear on September 3, 2021, at 11:00 a.m. with the minor children, or removes the minor children or causes the minor children to be removed from the jurisdiction of this Court, the Court shall issue a warrant for the arrest of the Respondent and appearance for a contempt hearing.
>
> 6. Petitioner shall immediately serve a copy of this Order and a copy of the verified Petition and accompanying exhibits upon Respondent.
>
> 7. Petitioner is permitted to appear at the September 3, 2021 hearing by telephone.
>
> 8. This Temporary Restraining Order shall expire 14 days from the date it is issued, unless extended by the Court for good cause shown.

Father has filed an Affidavit of Personal Service signed by process server Ryan Buhl averring that Buhl attempted to serve the Summons, Petition, Ex Parte Motion for Accelerated Hearing and Request for Temporary Restraining Order, Ex Parte Memorandum in Support of Issuance of Emergency Relief Order, Temporary Restraining Order, Notice of Appearance, and Notice of Initial Case Assignment on Mother on August 23, 2021 at 2523 Johnson Street, Northeast,

4

Minneapolis. [Docket No. 13] The individual who answered the door stated that her name was Modesta Sanchez and that she is Mother's sister. Mother was not at the home at that time, so Buhl could not obtain the minor children's passports. Buhl provided the documents to Modesta Sanchez.

Father has filed a Proof of Service signed under penalty of perjury by Buhl on August 25, 2021, stating that Buhl left the Summons at Mother's residence with Modesta Sanchez, who was of suitable age and lives at the residence, on August 23, 2021. [Docket No. 14]

Father appeared by telephone for the September 3, 2021 hearing. His counsel appeared in person and provided an interpreter who interpreted for Father. Mother and the children failed to appear. During the hearing, Father's counsel represented that Father has received a text message indicating that Mother did receive the documents delivered to Modesta Sanchez and is aware of this proceeding.

### III. DISCUSSION

Because the Temporary Restraining Order was issued ex parte, it expires 14 days after its issuance, unless the Court extends the order for good cause. Fed. R. Civ. P. 65(b)(2). The Court finds that Father has shown good cause to extend the Temporary Restraining Order through September 24, 2021. The

current evidence in the record indicates that Mother was served with the relevant documents in this case and is aware of the case, yet has failed to appear as ordered. Mother appears to be attempting to evade detection and to hide the location of the children and herself from Father and the Court. Father requests a warrant to arrest Mother and a warrant to take physical custody of the children. The Court requires sworn testimony and filed evidence, not just the representations of counsel, to decide Father's requests. Father cannot enter the United States and does not speak English. In order to permit Father time to submit necessary evidence and in light of Mother's attempts to evade detection, the obstacles Father faces to preparing the necessary evidence and the serious risk of irreparable harm at issue in this case, the Court finds good cause to extend the Temporary Restraining Order until a hearing on September 24, 2021.

In order to ensure that this Temporary Restraining Order is complete, the Court reiterates its previous findings supporting issuance of the Temporary Restraining Order:

> **A.   Standard for an Ex Parte Temporary Restraining Order**
>
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage

> will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
>
> (2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.
>
> (3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

Fed. R. Civ. P. 65(b).

The Eighth Circuit Court of Appeals has established the standard for considering preliminary injunctions and temporary restraining orders. Dataphase Sys. Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). This Court must consider (1) the threat of irreparable harm to the moving party if an injunction is not granted, (2) the harm suffered by the moving party if

7

injunctive relief is denied as compared to the effect on the non-moving party if the relief is granted, (3) the public interest, and (4) the probability that the moving party will succeed on the merits.  Id.

    **B.**    **Statutory Framework**

Both the United States and Mexico are signatories to the Convention.  (See U.S. Dept. of State, International Parental Child Abduction, U.S. Hague Convention Treaty Partners, at https://travel.state.gov/content/travel/en/International-Parental-Child-Abduction/abductions/hague-abduction-country-list.html (last visited August 18, 2021).)  The twin objects of the Convention are to return children who are wrongfully retained and to ensure that the custody rights granted by one Contracting State will be effectively respected by another Contracting State.  Convention Art. 1.  Under the International Child Abduction Remedies Act ("ICARA"), children who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned unless one of the exceptions set forth in the Convention applies.  22 U.S.C. § 9001(a)(4).

Upon receiving an application for the return of a child under the Convention, the Court convenes a bench trial to receive evidence of the child's habitual residence, whether the child has been wrongfully retained, and whether

any of the Convention's defenses apply. Rydder v. Rydder, 49 F.3d 369, 372 (8th Cir. 1995).

As the petitioner, Father bears the initial burden of establishing by a preponderance of the evidence that the children have been wrongfully removed or retained within the meaning of the Convention. 22 U.S.C. § 9003(e)(1)(A). The Convention provides that a child's removal or retention is wrongful if "it is in breach of rights of custody attributed to a person . . ., either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention," and if the petitioner was actually exercising those rights at the time. Barzilay v. Barzilay, 536 F.3d 844, 847 (8th Cir. 2008) (quoting Convention Art. 3).

Whether a parent was exercising lawful custody rights must be determined under the law of the country of the child's habitual residence. Convention Art. 3; Friedrich v. Friedrich, 983 F.2d 1396, 1400 (6th Cir. 1993). If a petitioner proves this by a preponderance of the evidence, then the burden shifts to the respondent, Mother, to prove the existence of one of the defenses permitted by the Convention. 22 U.S.C. § 9003(e)(2).

> A petitioner cannot claim that the removal or retention of a child is 'wrongful' under the Hague Convention unless the child to whom

> the petition relates is 'habitually resident' in a State signatory to the Convention and has been removed to or retained in <u>a different State</u>. Determination of a child's habitual residence immediately before the alleged wrongful removal or retention is therefore a threshold question in deciding a case under the Hague Convention.

<u>Karkkainen v. Kovalchuk</u>, 445 F.3d 280, 287 (3d Cir. 2006) (citations omitted).

Therefore,

> wrongful removal or retention claims under Article 3 of the Convention typically raise four questions: (1) When did the removal or retention at issue take place? (2) Immediately prior to the removal or retention, in which state was the child habitually resident? (3) Did the removal or retention breach the rights of custody attributed to the petitioner under the law of the habitual residence? (4) Was the petitioner exercising those rights at the time of the removal or retention?

<u>Id.</u> (citation omitted).

### C. Likelihood of Success on the Merits

#### 1. Time of Removal

Father asserts that the children were removed from Mexico to the United States in February 2020.

#### 2. Habitual Residence at Time of Removal

Father avers that Mother, Father, and both children were all Mexican citizens who had lived all of their lives in Mexico up until Mother removed the children to the United States in February 2020. Therefore, the current evidence

10

shows that the children's habitual residence was Mexico at the time of the removal.

### 3. Breach of Custody Rights

Mother and Father were divorced on July 11, 2019, and the divorce decree did not include a designation of legal or physical custody. Father asserts that the applicable Mexican law provides that when parents separate, they must continue with their duties exercising parental authority and must agree to the terms of custody. Father represents that Mother and Father voluntarily continued to share custodial rights and access to their children after the divorce. Therefore, he has alleged that the removal was a breach of his custody rights.

### 4. Father's Exercise of Custody Rights

Father avers that he exercised his custody rights until the time of removal in February 2020. He asserts that he exercised parenting time with both children on weekends and during school breaks and followed a parenting time schedule agreed upon by Mother and Father.

### D. Threat of Irreparable Harm

Based on the verified Petition, Father has shown a threat of irreparable harm, that is the loss of custody of and contact with his children.

### E. Balance of the Harms

If Mother and the children currently reside in this District, there is little harm in temporarily requiring them to remain in the District and surrender their passports. If Mother flees the District with the children and their passports, there could be a substantial harm to Father, who may not be able to locate his children.

### F. Public Interest

The public interest weighs in favor of the maintaining the status quo, as ICARA provides that the Court may take appropriate measures "to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

### G. Notice

In order to issue an ex parte temporary restraining order, the Court must find that granting relief without notice to Mother is necessary to avoid immediate and irreparable injury. Fed. R. Civ. P. 65(b)(1). Here, based on the verified Petition and on the attorney's representation in the memorandum in support of the motion, there is concern that Mother may flee the District with the children if notice is provided. See Babcock v. Babcock, No. 3:20-CV-00066, 2020 WL 6293445, at *3 (S.D. Iowa Aug. 24, 2020) ("Additionally, Plaintiff has satisfied Rule 65(b)(1)(B), because she has represented to the Court in writing that there is

a risk Defendant may flee the District with the child if notice is provided. Plaintiff would suffer greater harm if this eventuality occurred, because she cannot enter the United States to find and retrieve the child.").

### H. Conclusion

The Court concludes that Father has established that he is entitled to an ex parte temporary restraining order to maintain the status quo. Father is not required to provide security in seeking this temporary injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Mother will not be harmed by the issuance of the requested Injunction.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Petitioner Jonatan Rosas Sanchez's Ex Parte Motion for Accelerated Hearing and Request for Temporary Restraining Order [Docket No. 6] is **GRANTED** as follows:
>
> 1. Respondent Erika Sanchez Pliego shall immediately surrender all of EJRS's and KJRS's valid and expired passports to the process server personally serving Respondent with this Order.

13

2. The process server shall immediately return all passports collected to the District of Minnesota Clerk of Court for collection and safekeeping.

3. Respondent is prohibited from removing or facilitating the removal of the children, EJRS and KJRS, from the jurisdiction of this Court.

4. Respondent shall appear with EJRS and KJRS before this Court on September 24, 2021, at 11:00 a.m. in Courtroom 13E of the United States District Court for the District of Minnesota, located at 300 South Fourth Street, Minneapolis, Minnesota 55415.  The initial appearance shall be considered an initial Show Cause Hearing for Mother to show cause why she should not be held in contempt of Court for failing to appear at the September 3, 2021 hearing with her children and a scheduling hearing, so that the Respondent can confirm to the Court that the minor children are physically located within the jurisdiction of this Court, and so that a date may be set for an expedited evidentiary hearing on the merits of the Petition for Return.

5. If the Respondent either fails to appear on September 24, 2021, at 11:00 a.m. with the minor children, or removes the minor children or causes the minor children to be removed from the jurisdiction of this Court, the Court shall issue a warrant for the arrest of the Respondent and appearance for a contempt hearing.

6. Petitioner shall immediately serve a copy of this Order and a copy of the verified Petition and accompanying exhibits upon Respondent.

7. Petitioner is permitted to appear at the September 24, 2021 hearing by telephone or video conference.

8.     This Temporary Restraining Order shall expire on September 24, 2021 at 5:00 p.m., unless extended by the Court for good cause shown.

Dated: September 3, 2021, at 12:38 p.m.
in Minneapolis, Minnesota            s/Michael J. Davis
                                                                Michael J. Davis
                                                                 United States District Court